IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-01068-CNS

KEVIN GEOVANNY TORO RODRIGUEZ,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado, in his official capacity;
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement;
TROY EDGAR, Deputy Secretary, U.S. Department of Homeland Security, in his official capacity,
INCOMING SCRETARY, Secretary of the Department of Homeland Security ("DHS");
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity; and
PAMELA BONDI, Attorney General of the United States,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner Kevin Geovanny Toro Rodriguez's Petition for Writ of Habeas Corpus. ECF No. 1. As the briefing demonstrates that Petitioner's now all too familiar challenge to Respondents' authority under § 1225(b)(2) is fundamentally legal in nature, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and, for the reasons outlined below, the Court GRANTS the petition and ORDERS Respondents to immediately release Petitioner from immigration detention. In doing so, the Court presumes familiarity with the parties' briefing. *See* ECF Nos. 1, 9.

## I.    LEGAL STANDARD

District courts may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## II.    ANALYSIS

The legal issues presented here are not novel. Petitioner, a citizen of Columbia who entered the United States in 2022, ECF No. 1 ¶ 8, represents that after he first entered the country, he was initially detained by U.S. Customs and Border Protection (CBP), served with a Notice to Appear, and charged with being removable from the United States. *Id.* ¶ 16 (citing ECF No. 1-1). Despite his requesting a custody redetermination before an immigration judge (IJ) at that time, the Department of Homeland Security (DHS) released Petitioner on his own recognizance before a custody redetermination could be made. *Id.* ¶ 16 (citing ECF No. 1-2 (EOIR Order of Release on Own Recognizance). Petitioner subsequently filed an Application for Asylum, Withholding of Removal and Withholding Under the Convention Against Torture. *Id.* Although Petitioner's case was set for a hearing before an IJ on April 28, 2026, when he reported to immigration authorities on November 10, 2025 (as he was required to do under his order of supervision), Immigration and Customs Enforcement (ICE) took Petitioner into custody. *Id.* ¶ 17. Petitioner "has been detained at the [ICE Denver Contract Detention Facility] in Aurora, Colorado" ever since, *id.* ¶ 3.

2

Petitioner challenges his detention under 28 U.S.C. § 2241, *id.* ¶ 4, and contends that ICE has "erroneously deemed him subject to mandatory detention," *id.* ¶ 2. Petitioner argues that because that he does not have any criminal convictions or a final order of removal, he should be detained pursuant to the discretionary detention provision in 8 U.S.C. § 1226(c), *id.* ¶ 22, rather than the mandatory detention provision in 8 U.S.C. § 1225. *Id.* As relief, Petitioner requests that the Court issue "a writ of habeas corpus requiring Respondents to immediately release [Petitioner] under conditions no more restrictive than those placed upon him when he was originally released." *Id.* at 14. Petitioner also asks that the Court issue "an order requiring Respondents to return to [Petitioner] all his original identification documents." *Id.*

This is not the first time such requests have been before the Court in recent months. Like other immigration-related habeas petitions the Court has recently considered, this case concerns a noncitizen who, despite living in the United States for over two years, is being held in mandatory immigration-related detention following the government's recent reinterpretation of 8 U.S.C. §§ 1225, 1226 of the Immigration and Nationality Act (INA). The arguments raised here echo nearly identical arguments rejected by courts across the country and in this judicial district, including this Court.[1]

---

[1] *Compare* ECF Nos. 1, 9 *and e.g.*, *Singh v. Baltazar,* 26-cv-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026); *Arenas v. Noem*, No. 1:26-cv-00024-SBP, 2026 WL 317562 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Concha-Gonzales v. Noem*, No. 1:26-cv-00001-CNS, 2026 WL 194178 (D. Colo. Jan. 26, 2026); *Alfaro Herrera v. Baltazar*, No. 1:25-cv-04014-CNS, 2026 WL 91470, at *1 (D. Colo. Jan. 13, 2026); *Rico v. Baltazar*, No. 1:25-cv-03943-CNS, 2025 WL 3640366 (D. Colo. Dec. 16, 2025); *Valera v. Baltazar*, No. 1:25-CV-03744-CNS, 2025 WL 3496174 (D. Colo. Dec. 5, 2025); *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D. Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda*

As in other cases, Respondents here argue that Petitioner's requested relief should be denied because he is properly detained under § 1225(b)(2)(A) as an "applicant for admission" to the United States. ECF No. 9 at 6–9. Respondents' arguments do not convince the Court to deviate from its prior determination that § 1225(b)(2)(A)'s mandatory detention requirement does not apply to noncitizens, like Petitioner, who have been present in the United States for over two years and have no qualifying criminal convictions. *See, e.g.*, *Hernandez*, 2025 WL 2996643, at *4 ("the plain text and structure of § 1225 and § 1226 support a determination that § 1225(b)(2)(A)'s provision for mandatory detention does not apply to someone like [Petitioner], who has been residing the United States for more than two years") (quotations and citations omitted). Likewise, as the Court previously explained, invocation of the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (Feb. 6, 2026) does not persuade. *See Singh*, 2026 WL 352870, at *3–6. The Court thus accepts in full its reasoning outlined in *Hernandez*, as well as its other decisions, and adopts it here. *See generally Hernandez*, 2025 WL 2996643; *see also Espinoza Ruiz*, 2025 WL 3294762, at *2 (discussing "the proper application of §§ 1225 and 1226" as articulated by the Supreme Court in *Jennings*

---

*v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

*v. Rodriguez*, 583 U.S. 281 (2018)); *Singh*, 2026 WL 352870, at *3–6 (discussing and rejecting the Fifth Circuit's conclusion in *Buenrostro-Mendez*).

However, unlike in *Hernandez*, the Court is not persuaded that ordering a § 1226 bond hearing is the appropriate remedy here given the particular facts of Petitioner's case. Specifically, after Petitioner was detained by CBP in 2022, he was released by DHS on his own recognizance. *See* ECF No. 1 at 23 (Ex. 2). In the years following his release, Petitioner represents that he "has followed the requirements of check ins" with immigration authorities, has been "working pursuant to a lawful grant of employment authorization," ECF No. 1 ¶ 40, and has not had any criminal convictions requiring his mandatory detention, *id.* ¶ 22. Petitioner also has a pending Application for Asylum, Withholding of Removal and Withholding Under the Convention Against Torture. *Id.* ¶ 16.

Petitioner contends that because DHS released him on an Order of Release on Recognizance in 2022, immigration officials have already determined that he is not a flight risk or danger to the community. *Id.* ¶¶ 41–42. This argument is persuasive. *See, e.g.*, *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *5–6 (S.D. Ind. Oct. 30, 2025) (explaining that "[u]nder § 1225, the government's options were limited to removal or detention pending review by an asylum officer. The fact that the government's release of [petitioner], on his own recognizance, was based on § 1226 is ***strong evidence*** that he currently remains subject to § 1226, rather than § 1225.") (citing *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *4 (S.D.N.Y. Aug. 13, 2025) (emphasis added)). Given that Respondents already determined that it was proper to release Petitioner on his own recognizance in 2022 and do not offer any explanation for

why it is now proper to hold him in mandatory detention (beyond the recent reinterpretation of §§ 1225, 1226), the Court sees no reason to prolong Petitioner's detention. *See id.* (Since the "Government has affirmatively decided to treat' [Petitioner] 'as being detained under Section 1226(a) . . . it cannot now . . . change its position to claim that he is detained under Section 1225(b).") (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025)).

Accordingly, the Court grants Petitioner's request for immediate release. *See, e.g.*, *Valera v. Baltazar*, No. 1:25-cv-03744-CNS, 2025 WL 3496174, at *3 (D. Colo. Dec. 5, 2025) (ordering noncitizen's immediate release where Respondents have already determined that the noncitizen is neither a flight risk nor a danger to the community).

### III.    CONCLUSION

Consistent with the foregoing analysis and pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), IT IS HEREBY ORDERED THAT:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is GRANTED;

2. Respondents SHALL RELEASE Petitioner from custody immediately, but no later than within 24 hours of this Order, and may not impose any additional conditions of release or supervision not previously imposed by DHS in connection with Petitioner's 2022 Order of Release on Recognizance;

3. To the extent Respondents are in possession of Petitioner's original identification documents, Respondents must provide those documents to Petitioner upon his release;

4.  Respondents shall file a status report within TWO DAYS of this order to certify compliance; and

5.  Respondents are further ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.

DATED this 24th day of March 2026.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge